UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-134-GNS
*Electronically Filed*

SUE CAROL BROWNING                                                                       PLAINTIFF

v.                  **ANSWER TO COMPLAINT BY DEFENDANT**
                                          **DAN COSTELLOW**

DAN COSTELLOW, Individually and In
His Official Capacity As Superintendent of
the Logan County Board of Education, et al.                            DEFENDANTS

The Defendant, Dan Costellow, Individually and In His Official Capacity as Superintendent of the Logan County Board of Education ("Costellow"), by and through counsel, for his Answer to the Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against Costellow upon which relief may be granted.

### SECOND DEFENSE

1. Costellow admits the allegations contained in paragraphs 29 and 78 of the Complaint.

2. Costellow is without knowledge sufficient to form an opinion or belief as to the truth of the allegations contained in paragraphs 3, 5, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 40, 41, 43, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 66, 67, 68, 69, 71, 72, 73, 74, 76, 77, 79, 80, 81, 82, 83, 84, 85, 86, 87, and 88 of the Complaint and therefore denies the allegations.

3. Costellow denies the allegations in paragraphs 1, 2, 30, 31, 32, 33, 34, 35, 37, 65, 89 and the prayer for relief of the Complaint.

4. The allegations in paragraphs 61, 62, 63, 64, and 70 of the Complaint are statements of law to which no response is required. To the extent a response is required, Costellow denies.

5. The allegations in paragraphs 44, 56, 57, 58, 59, and 60 are all matters of public records, and the public records speak for themselves. To the extent that the allegations differ from the public records, Costellow denies. Costellow denies the remainder of the allegations.

6. To the extent that Plaintiff adopts, incorporates and reiterates other allegations in paragraphs 27, 39, and 75 of the Complaint, Costellow re-alleges and reincorporates their responses and defenses to same.

7. With regard to the allegations in paragraph 4, Costellow denies that he was the Superintendent of the Logan County Board of Education at all times relevant to this action. Costellow admits the remaining allegations.

8. With regard to the allegations in paragraph 6, Costellow denies that Lee Brown was ever stationed at Auburn Elementary and Middle School as a school resource officer. Costellow also denies that the schools are operated by the Logan County Board of Education. Costellow is without knowledge sufficient to form an opinion or belief as to the truth to these allegations, therefore he denies the remainder of these allegations.

9. With regard to the allegations in paragraph 8, Costellow admits that Ms. Teel's husband, Drew Teel, was serving as the Assistant Principal at the School at all relevant times. Costellow is without knowledge sufficient to form an opinion or belief as to the truth of the remaining allegations.

10. With regard to the allegations in paragraph 22, Costellow states that he is without knowledge sufficient to form an opinion or belief as to the truth of whether Ms. Browning called *any* employee of the school. Costellow, does however, deny that Ms. Browning called any employee in a position of authority. Regarding the allegation that buses parked on Ms. Browning's property, Costellow states that once the Logan County Board of Education was made aware that Ms. Browning did not want any buses parked on her driveway or yard, no bus from the Logan County School District parked on her property. Costellow is without knowledge sufficient to form an opinion or belief as to the truth of whether a bus from any other school district parked on Plaintiff's property. Costellow denies the remainder of the allegations.

11. With regard to the allegations in paragraph 28, Costellow admits that Auburn Elementary School is a part of the Logan County School District, but he denies that the Logan County Board of Education operates the school.

12. With regard to the allegations in paragraph 36, Costellow states that all employees, including himself, act in accordance with official policies, customs, and practices, but he denies that he or any employees acted in accordance with said policies, customs, or practices in regard to allegations made in Plaintiff's Complaint.

13. With regard to the allegations made in paragraph 38, Costellow denies that he acted unlawfully. Costellow is without knowledge sufficient to form an opinion or belief as to the truth of the remaining allegations.

14. With regard to the allegations in paragraph 42, Costellow denies that Plaintiff called the school and asked school personnel to advise the trespassers to move their vehicles off her property. Costellow is without knowledge sufficient to form an opinion or belief as to the truth of the remaining allegations.

15. With regard to the allegations in paragraph 55, Costellow states that he is without knowledge sufficient to form an opinion or belief as to whether SRO Brown made such statements to Plaintiff. Costellow does, however, state that, specifically with regard to subsection b), regardless of whether SRO Brown made such statement, Costellow denies the truth of the matter asserted in that statement.

16. Costellow denies each and every allegation and contest every demand for relief not specifically admitted herein.

### THIRD DEFENSE

Costellow was not employed as the Superintendent of the Logan County Board of Education on the date the incidents referenced in Plaintiff's Complaint occurred.

### FOURTH DEFENSE

Costellow is immune from suit in his official capacity pursuant to the defense of governmental immunity.

### FIFTH DEFENSE

To the extent that Costellow has been sued in his individual capacity, he is immune from suit pursuant to the defense of qualified official immunity.

### SIXTH DEFENSE

The Complaint is barred by all applicable statutes of limitations, if any, res adjudicata, estoppel, laches, and waiver.

### SEVENTH DEFENSE

The injuries and damages claimed by the plaintiff were the direct and proximate result or were substantially caused by the Plaintiff's contributory negligence, comparative negligence, or

other acts, and Costellow pleads contributory negligence or comparative negligence of the Plaintiff so as to bar any recovery against Costellow herein.

**EIGHTH DEFENSE**

Pleading in the alternative and without admitting any fault, negligence, or liability on the part of Costellow, in the event Costellow is found to be negligent or at fault in any respect, which is expressly denied, then Costellow is entitled to an apportionment instruction to determine the percentage of responsibility or liability or causation among the Plaintiff and any other person who may have caused or contributed to cause the plaintiffs' injuries and damages whether or not a party to this litigation.

**NINTH DEFENSE**

The Plaintiff's claims are barred because any damages allegedly sustained by the Plaintiff were caused by her own acts and/or omissions.

**TENTH DEFENSE**

The Plaintiff's claims are barred because Costellow's conduct was in whole, or in part, properly within the discretionary authority committed to him to perform his official and governmental functions, and the relief prayed for would constitute an improper intrusion by the judiciary into this discretionary governmental authority.

**ELEVENTH DEFENSE**

As an affirmative defense, Costellow pleads that the Plaintiff's claims are barred by the provisions of the Paul D. Coverdell Teacher Protection Act 20 U.S.C. §§ 6731-6738.

**TWELFTH DEFENSE**

As an affirmative defense, Costellow pleads that the due process provisions of the United States and Kentucky Constitutions bar, in whole or in part, the Plaintiff's claims for punitive

damages. Plaintiff's claims for punitive damages are barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution; the prohibition against cruel and unusual punishments and excessive fines in the Eighth Amendment to the United States Constitution as applied to the states through the Due Process Clause of Fourteenth Amendment to the United States Constitution; the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution as applied through the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and the Constitution of Kentucky. In addition, Plaintiff has failed to state a claim for punitive damages under the common law, federal law, and/or KRS 411.184 through 411.186 and the claims and demands for the same should be dismissed.

### THIRTEENTH DEFENSE

Costellow reserves the right to assert additional defenses, including affirmative defenses, in accordance with the evidence discovered during the course of this action, and pursuant to the applicable rules and law.

WHEREFORE, Defendant Costellow, prays for relief as follows:

A. Dismissal of the Complaint with prejudice;

B. An award of reasonable attorney's fees and court costs herein expended; and

C. All other relief to which they may be entitled.

        ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
        1101 College Street; P.O. Box 770
        Bowling Green, KY 42102-0770
        Telephone: (270) 781-6500
        Facsimile: (270) 782-7782

        By:    /s/ *Michael A. Owsley*
              MICHAEL A. OWSLEY
              AARON D. SMITH
              KATE E. PAYTON
              *Counsel for Defendants*

4901-2256-6149, v. 1

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on December 13, 2024, the foregoing document was electronically filed with the Clerk of the Court using the CM/EFC System which will provide notification of filing to the following:

Hon. Stella B. House
P.O. Box 422
Manchester, Kentucky 40962
Stellabhousepsc@gmail.com
*Counsel for Plaintiff*

                */s/ Michael A. Owsley*
                MICHAEL A. OWSLEY
                AARON D. SMITH
                KATE E. PAYTON