UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-134-GNS

SUE CAROL BROWNING                                              PLAINTIFF

Vs.

DAN COSTELLOW,
Individually And In His Official Capacity
As Superintendent of The Logan County Board of Education

SHERIFF STEPHEN STRATTON,
Individually And In His Official Capacity
As Sheriff Of The Logan County Sheriff's Department

VINCENT LEE BROWN,
Individually And In His Official Capacity
As A Deputy And School Resource Officer
With the Logan County Sheriff's Department

JOSEPH BRENT,
Individually And In His Official Capacity As A Sergeant
With The Logan County Sheriff's Department

TIMOTHY RAINWATERS,
Individually And In His Official Capacity
As Logan County Property Valuation Administrator            DEFENDANTS

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ALL CLAIMS AGAINST DEFENDANTS STRATTON, BROWN, AND BRENT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules"), Defendants

Stratton, Brown, and Brent (the "Law Enforcement Defendants") provide this Memorandum in

Support of their Motion to Dismiss all claims against them filed by Plaintiff Sue Carol Browning

("Browning").

## I.    INTRODUCTION.

Browning's Complaint is devoid of meritorious allegations sufficient to confer subject-

matter jurisdiction upon this Court and fails to state any claim against the Law Enforcement

1

Defendants upon which relief can be granted. Moreover, Plaintiff's Complaint can best be described as a transparent attempt to "forum shop" as most of the allegations against the Law Enforcement Defendants herein also serve as the basis for a lawsuit filed by Browning in Logan Circuit Court.[1] Finally, even if Browning's Complaint had articulated viable claims, the Law Enforcement Defendants are entitled to varying levels of immunity on all claims asserted against them by Browning.

## II.    FACTUAL BACKGROUND.

Browning was convicted of Criminal Mischief – 2nd Degree on August 21, 2024 following a jury trial. (Plaintiff's Complaint, DN 1, Page ID# 19, ¶ 59). Criminal Mischief – 2nd Degree is a Class A misdemeanor and, pursuant to KRS 512.030, in pertinent part, "[a] person is guilty of criminal mischief in the second degree when, having no right to do so or any reasonable ground to believe that he or she has such a right, he or she: (a) intentionally or wantonly defaces, destroys, or damages any property causing pecuniary loss of less than five hundred dollars ($500)."

The events which gave rise to Browning's conviction occurred on November 16, 2023. Browning owns real property near Auburn Elementary School, which was hosting its annual Thanksgiving Lunch where parents of students are invited to attend. Certain parents of students parked on property owned by Browning. Browning, despite being a licensed attorney and former District Court Judge, took the law into her own hands, literally, when she punctured a tire on one of the vehicles parked on her property with a knife. Prior to Browning's ultimate conviction, she participated in a preliminary hearing which established probable cause and, thereafter, a grand jury

---

[1] The Logan Circuit Court action was filed on or about September 17, 2024 and names the Logan County Sheriff's Department, Vincent Lee Brown, and Joseph Brent as Defendants, asserting claims against them including: (1) defamation; (2) negligent infliction of emotional distress; (3) intentional infliction of emotional distress; (4) slander; (5) negligence per se; and (6) negligent retention and failure to train. *See Sue Carol Browning vs. Paxton Media Group, LLC, et. al.*, Logan Circuit Court; Civil Action No. 24-CI-00245.

likewise found probable cause and returned an indictment for the charge Browning was ultimately convicted of.

Despite the overwhelming probable cause and Browning's ultimate conviction, Browning has now for the second time filed a wholly frivolous lawsuit against the Law Enforcement Defendants, this time attempting to craft claims based upon federal law where there simply are none. While Browning may disagree with the judgment calls made by Law Enforcement Defendants, this disagreement does not give rise to actionable claims, under federal or state law.

## III.    STANDARD OF REVIEW.

To survive a Motion to Dismiss, Browning must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." *Id.*, at 679. "Factual allegations contained in the complaint must raise a right to relief above the speculative level." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

Thus, a complaint is subject to dismissal under Rule 12(b) where it does not "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Anderson v. Pine S. Capital*, 177 F. Supp. 2d 591, 596 (W.D. Ky. 2001) (*quoting Andrews v. Ohio*, 104 F.3d 803 (6th Cir. 1997).

## IV.    ARGUMENT

### a. BROWNING'S CLAIMS ARE UNTIMELY AND PRECLUDED BY THE APPLICABLE STATUTE OF LIMITATIONS.

Browning relies upon 42 U.S.C. § 1983 as a method for attempting to vindicate other federal rights she perceives were violated, including but not limited to Browning's perceived violations of her First Amendment rights and a violation of her rights inconsistent with the Takings Clause of the Fifth Amendment. When analyzing claims brought pursuant to § 1983, federal courts must borrow state statutes of limitations for personal injury actions. The Sixth Circuit held, in *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) that "section 1983 actions in Kentucky are limited by the one-year statute of limitations found in [KRS 413.140(1)(a)."

Browning's Complaint was filed on November 15, 2024 and, therefore, to the extent that the Complaint references causes of action which accrued prior to November 15, 2023 and are brought pursuant to § 1983, these claims are precluded by the applicable statute of limitations. These claims appear to include Browning's allegation that "Sheriff Stratton and the Logan County Sheriff's Department failed to protect [her] personal and real property" as it relates to an eviction which occurred in late 2021 through early 2022. (See Plaintiff's Complaint, DN 1, Page ID# 8, ¶ 17-18). Additionally, Browning alleges in Paragraph 21 of her Complaint that her First Amendment rights were violated when "Sheriff Stratton's actions created the false impression that [she] supported [his] campaign for Sheriff." Browning alleges this occurred in November of 2022. (See Plaintiff's Complaint, DN 1, Page ID# 10, ¶ 20-21). These two claims, and any other claims alleged by Browning that are premised on these above-described events are untimely brought and must be dismissed.

**b. LAW ENFORCEMENT DEFENDANTS ARE IMMUNE FROM SUIT IN THEIR OFFICIAL CAPACITIES.**

Browning asserts various claims against Law Enforcement Defendants based on both federal and state law.  However, pursuant to both federal and state law, the Law Enforcement Defendants are immune from suit on all claims asserted against them in their official capacities.

As to Browning's state law claims, under Kentucky law, agencies of the state possess governmental immunity from suits when an action is premised on the agency's performance of a governmental, as opposed to proprietary, function.  *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001).  It has previously been held that law enforcement functions of a sheriff's department are governmental, and not proprietary.  *David v. Franklin Cnty.*, 2024 U.S. Dist. LEXIS 22233, at *10 (E.D. Ky. February 8, 2024).  Therefore, employees of a sheriff's department, such as the Law Enforcement Defendants herein, are also entitled to immunity because their "actions are afforded the same immunity, if any, to which the agency, itself, would be entitled."  *Yanero* at 522.  Further, "official immunity is absolute when an official's or an employee's actions are subject to suit in his official capacity."  *Jones v. Cross*, 260 S.W.3d 343, 345 (Ky. 2008).  A factual analysis into the nature of the actions complained of is not necessary regarding claims asserted against a defendant in his official capacity.  *David v. Franklin Cnty.*, 2024 U.S. Dist. LEXIS 22233, at *11 (E.D. Ky. February 8, 2024).

Browning's federal claims against the Law Enforcement Defendants in their official capacities must likewise be dismissed.  "Official capacity suits … generally represent another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (*quoting Monell v. New York City Dept't of Soc. Servs*., 436 U.S. 658, 691 n. 55 (1978).  "If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity."  *Morris v.*

5

*Christian County Sheriff's Dep't.*, 2013 U.S. Dist. LEXIS 28102, at *10 (*citing Will v. Mic. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Browning's official-capacity claims against Law Enforcement Defendants are brought against Logan County, which Browning has not named as a Defendant herein. *Id.*

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Despite Browning's mention of vicarious liability in her Complaint, "a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). The policy or custom "must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Browning's Complaint does not allege any constitutional wrongdoing by the Law Enforcement Defendants as the result of a policy or custom and, as a result, the claims against the Law Enforcement Defendants in their official capacities must be dismissed.

**c. LAW ENFORCEMENT DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AS TO BROWNING'S CLAIMS AGAINST THEM IN THEIR INDIVIDUAL CAPACITIES.**

Law Enforcement Defendants have also been sued in their individual capacities. However, these claims must fail as a matter of law because Law Enforcement Defendants are entitled to qualified official immunity and qualified immunity pursuant to both state and federal law.

As to Browning's state law claims, qualified immunity prevents public officers or employees from being liable for the negligent performance of (1) discretionary acts or functions; (2) in good faith; and (3) within the scope of the employee's authority. *See Yanero v. Davis*, 65 S.W.3d 510, 552 (Ky. 2001). The investigation of criminal wrongdoing by law enforcement is quintessentially a discretionary act and has been recognized as such by Kentucky courts for decades. *See Phillips v. Commonwealth*, 473 S.W.2d 135, 137 (Ky. App. 1971). In *Phillips*, Kentucky's then-highest Court stated:

> [p]olice officers must be given reasonable discretion and a wide latitude of action in investigation of crime. Courts are in no position to say as a matter of law that an officer must break off an investigation at any particular point in time or that he must move in and effect an arrest at any particular time. These are matters that do and must remain in the reasonable discretion of the officer in the field conducting the investigation.
>
> *Id.*

Based on the foregoing, because the actions taken by Law Enforcement Defendants as it relates to their criminal investigation into the illegal conduct of Browning were wholly discretionary, Law Enforcement Defendants are immune from Browning's state law claims.

Browning's federal claims against Law Enforcement Defendants must likewise be dismissed because, "government officials performing discretionary functions are entitled to qualified immunity from civil suits for damages arising out of the performance of their official duties as long as their actions could reasonably have been thought consistent with the rights they

7

are alleged to have violated." *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir. 2000) (*quoting Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). "To successfully state a claim under 42 U.S.C. § 1983, a plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). "The key inquiry in analyzing a claim of qualified immunity is whether the defendant's alleged conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994). This inquiry presents a question of law. *Id.*

While Browning gives passing reference to federal statutes and constitutional rights, her Complaint is vague at best as to facts supporting the perceived violations. It appears from a generous interpretation of Browning's Complaint that the crux of her claims is that: she was wrongfully arrested and maliciously prosecuted in violation of the Fourth Amendment and Due Process of Law, or in retaliation of her exercise of her First Amendment rights. However, all these claims are easily disposed of because of the existence of probable cause.

The Supreme Court has noted "[t]he due process requirements for criminal proceedings do not include a standard for the initiation of a criminal prosecution." *Albright v. Oliver,* 510 U.S. 266, 283 (1994) (Kennedy, J. and Thomas, J., concurring). The Fourth Amendment and its protection against malicious prosecution are the more appropriate basis for Browning's claims rather than "the more generalized notion of substantive due process …" *Id.*, at 273. "It is the Fourth Amendment and its protections against malicious prosecution rather than the more generalized notion of substantive due process that provides [the] [plaintiff] with a source of constitutional protection." *Barnes v. Wright*, 449 F.3d 709, 715-716 (6th Cir. 2006).

8

The existence of probable cause precludes Browning's claims of Fourth Amendment, First Amendment Retaliation, and Due Process violations. As stated previously, Browning participated in a preliminary hearing which found that probable cause existed. Because Browning had "a full and fair opportunity to litigate whether probable cause existed to maintain … [the] charges[s] against [her], [she] is barred from relitigating that issue in this § 1983 action." *Smith v. Thornburg*, 136 F.3d 1070, 1077 (6th Cir. 1999). Thereafter, a grand jury returned an indictment for Criminal Mischief-2nd Degree, which Browning was ultimately convicted of.

> [I]t has long been settled that the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer. Therefore, [when] Plaintiff was indicted pursuant to a determination made by the grand jury, he has no basis for his constitutional claim.
>
> *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002).

Notably, Browning's Complaint makes no allegations about the propriety of the grand jury proceeding. Thus, because Browning cannot establish there was a lack of probable cause, Browning likewise cannot "prove a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." Thus, where there is no violation, there can be no liability, and Law Enforcement Defendants are immune from suit in their individual capacities.

### d. BROWNING FAILS TO STATE A CLAIM AGAINST LAW ENFORCEMENT DEFENDANTS REGARDING THE EVICTION PROCESS.

Browning's Complaint, in Paragraphs 17 and 18 appears to assert a claim against "Sheriff Stratton and the Logan County Sheriff's Department[2]" for "fail[ing] to protect [her] personal and real property and property rights, fail[ing] to charge Sarah and her adult child with criminal

---

[2] Browning has not sued the Logan County Sheriff's Department.

mischief, fail[ing] to protect [her] rights as a resident and the owner of her log home …, and fail[ing] to remove the trespasser." (Complaint, DN 1, Page ID# 9, ¶ 18). All these allegations result from Browning renting her home to third parties and then attempting to evict them when there was a breakdown in the landlord-tenant relationship. Any claims derived from Browning evicting her tenants must fail as a matter of law for several reasons. First, as discussed further in Section "f" hereinbelow, the Law Enforcement Defendants did not have a duty to protect Browning's property rights under state or federal law. Second, as discussed further in Section "e" hereinbelow, Browning does not have a judicially cognizable interest in seeing third parties prosecuted. Lastly, Kentucky's eviction process is governed by KRS §§ 383.200 through 383.285 and is a limited remedy, intended only to restore possession of real property back to the rightful owner. "The remedy of a forcible entry and detainer was evolved from an English criminal proceeding and is not strictly a common law action. It is regarded as a statutory action at law to recover possession of real property." *McHugh v. Knippert*, 243 S.W.2d 654, 655 (Ky. 1951). The eviction process, which Browning should be acutely aware of,[3] accomplished all that it is statutorily permitted to accomplish. To the extent Browning seeks damages for destruction of real and personal property, these claims are wholly meritless.

Moreover, Browning acknowledges in Paragraph 18 that the third-party was in fact evicted from her home. Thus, the eviction process accomplished all that it statutorily can accomplish: possession of the home was restored back to Browning. It defies logic that Stratton and the Logan County Sheriff's Department could somehow be liable for Browning's failure to assert a civil lawsuit against the third-party if Browning felt she had been injured due to the third-party's alleged damage to Browning's real and personal property.

---

[3] Browning is a retired District Court Judge and Kentucky's District Courts have exclusive jurisdiction over evictions.

**e. BROWNING FAILS TO STATE A CLAIM AGAINST LAW ENFORCEMENT DEFENDANTS RELATED TO THEIR EXERCISE OF DISCRETION TO NOT CRIMINALLY CHARGE THIRD PARTIES.**

Throughout her Complaint, Browning is critical of Law Enforcement Defendants' exercise of discretion to not charge third parties criminally. Specifically, Paragraph 18 alleges that Stratton and Logan County Sheriff's Department "failed to charge Sarah and her adult child with criminal mischief," and Paragraph 42 alleges that the Law Enforcement Defendants "and other members of the Logan County Sheriff's Department" "failed to cite thirty (30) or more individuals who parked their motor vehicles … at [Browning's] private, residential realty." Finally, Paragraph 62 alleges that Law Enforcement Defendants "violated Plaintiff's Fourth Amendment rights by failing to properly investigate and cite the trespassers on her property and instead targeting Plaintiff without legal justification."

"A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Baker v. Boyd*, 2011 U.S. Dist. LEXIS 45620, at *7-8 (W.D. Ky. April 26, 2011) (*citing Diamond v. Charles*, 476 U.S. 54, 63 (1986). To the extent Browning argues that Law Enforcement Defendants violated her rights when they failed to charge third parties, these claims must fail as a matter of law.

**f. BROWNING FAILS TO STATE A CLAIM AGAINST LAW ENFORCEMENT DEFENDANTS RELATED TO THEIR ALLEGED FAILURE TO PROTECT BROWNING'S PROPERTY.**

Paragraph 18 of Browning's Complaint alleges that "Sheriff Stratton and the Logan County Sheriff's Department failed to protect Ms. Browning's personal and real property and property rights." Browning's Complaint is silent as to the legal basis for the existence of a duty by Sheriff Stratton and the Logan County Sheriff's Department to protect her personal and real property. It has long been held that the government, by and through its actors, does not have a duty to protect citizens against harms it did not create. This absence of a duty is known as the Public Duty

11

Doctrine and is a legal principle that states that government officials, including police officers, absent a special relationship, do not owe a specific duty of care to individual members of the public.

> [N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without due process of law, but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.
>
> *Deshaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 195 (1989).

In *Deshaney*, the Supreme Court made clear the purpose of the Fifth and Fourteenth Amendments were to protect the people from the State, not to ensure that the State protects people from each other. *Id.*, at 196.

Browning's perceived loss of property is best summed up as a perceived failure by the Law Enforcement Defendants to remove trespassers from Browning's property. As evidenced by the foregoing authority, there is no federal basis for imposing a duty on the Law Enforcement Defendants to do so. Moreover, Browning does not allege the existence of a special relationship between herself and Law Enforcement Defendants.

Even under Kentucky law, the Law Enforcement Defendants did not owe Browning a duty. "As a general rule, a law enforcement agency or official does not owe individual citizens a duty to protect them." *Ashby v. City of Louisville*, 841 S.W.2d 184 (Ky. App. 1992)(*abrogated in part by Gaither v. Justice & Pub. Safety Cabinet*, 447 S.W.3d 628 (Ky. 2014)). As such, Browning cannot

establish that Law Enforcement Defendants owed her a duty under either Federal or Kentucky law and, therefore, Browning fails to state a claim upon which relief can be granted.

### g. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER BROWNING'S STATE LAW CLAIM OF TRESPASS.

Paragraphs 20 and 21 of Browning's Complaint alleges that Sheriff Stratton trespassed on her property when he installed a campaign sign on her property and then took photographs when the campaign sign was removed. According to Browning, this conduct occurred in November of 2022. Obviously, this allegation of trespass by Browning against Sheriff Stratton can only be based on Kentucky law. Pursuant to 28 U.S.C. § 1367(a), the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

As to this trespass claim, it is alleged to have occurred in November of 2022 – which is one (1) year prior to the November 16, 2023 Thanksgiving Lunch that was the catalyst for the remainder of Browning's claims herein. Browning's state law trespass claim against Sheriff Stratton does not form part of the same case and controversy as any federal claim asserted by Browning herein and, therefore, this Court should decline to exercise supplemental jurisdiction over this state law claim.

Moreover, prior to filing the instant lawsuit, Browning filed a parallel lawsuit in Logan Circuit Court alleging virtually the same claims as herein. There is no reason why Plaintiff could not have asserted this state trespass claim against Sheriff Stratton in the Logan Circuit Court action and Plaintiff's election not to do so amounts to nothing more than an attempt to forum shop.

### h.  BROWNING FAILS TO STATE A CLAIM FOR WRONGFUL ARREST AND MALICIOUS PROSECUTION.

Paragraph 43 of Browning's Complaint alleges that Defendant Brown violated her "federal and state civil and Constitutional rights" when he arrested Browning.  Browning's purported basis for this allegation can be summarized as her belief that (a) there was no probable cause for her arrest and (b) her conduct was justified.  Additionally, to bolster her claim that there was no probable cause for her arrest, Browning points to the fact that she was only indicted on one (1) of her seven (7) original charges.  (Browning Complaint, DN 1, Page ID #19, ¶ 58).  Browning's argument is without merit.

To prevail on a malicious prosecution claim under 42 U.S.C. § 1983, Browning must prove:

> First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute.  Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution.  Third, the plaintiff must show that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure.  Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.
>
> *Skyes v. Anderson*, 625 F.3d 294, 308-309 (6th Cir. 2010)(internal citations omitted).

As stated previously, Browning participated in a preliminary hearing which found that probable cause existed.  Because Browning had "a full and fair opportunity to litigate whether probable cause existed to maintain … [the] charges[s] against [her], [she] is barred from relitigating that issue in this § 1983 action." *Smith v. Thornburg*, 136 F.3d 1070, 1077 (6th Cir. 1999).  Thereafter, a grand jury returned an indictment for Criminal Mischief-2nd Degree, which Browning was ultimately convicted of.

14

> [I]t has long been settled that the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer. Therefore, [when] Plaintiff was indicted pursuant to a determination made by the grand jury, he has no basis for his constitutional claim.

*Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002).

Notably, Browning's Complaint makes no allegations about the propriety of the grand jury proceeding. Thus, because Browning cannot establish there was a lack of probable cause, Browning cannot establish a viable claim for wrongful arrest or malicious prosecution.

### i. BROWNING FAILS TO STATE A VALID "TAKINGS" CLAIM.

Browning's Complaint, in Paragraphs 48 and 51, attempts to assert a "takings" claim against Defendants Brown and Brent, however such a claim is wholly without merit. Specifically, according to Browning, the inaction of the Law Enforcement Defendants in arresting trespassers on Browning's property constituted a "taking of Ms. Browning's private realty under color of law." (Complaint, DN 1, Page ID #16, ¶ 51).

The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." The Supreme Court has stated that "the Takings Clause is designed not to limit the governmental interference with property rights per se, but rather to secure compensation in the event of otherwise proper interference amounting to a taking." *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 315 (1987).

The Sixth Circuit has adopted a two-part test to determine whether a governmental action constitutes a taking of private property without just compensation. "First, the court must examine whether the claimant has established a cognizable property interest for the purposes of the Just Compensation Clause. Secondly, where a cognizable property interest is implicated, the court

must consider whether a taking occurred." *Coalition for Gov't Procurement v. Fed. Prison Indus.*, 365 F.3d 435, 481 (6th Cir. 2004)(internal citations omitted).  As to the second element, the Supreme Court has recognized two categories of takings:  physical takings and regulatory takings. *See Waste Mgmt., Inc. v. Metropolitan Gov't of Nashville*, 130 F.3d 731, 737 (6th Cir. 1997) (*quoting Penn Central Transp. Co v. City of New York*, 438 U.S. 104, 123-124 (1978).

Browning's Complaint can only be construed as an allegation of a physical taking.  However, Browning's allegation of a physical taking fails for two reasons.  First, the interference that Browning complains of was not government sanctioned.  Second, even if it was government sanctioned interference, the interference was, at best, a mere trespass and not a taking.  "Isolated physical invasions, not undertaken pursuant to a granted right of access, are properly assessed as individual torts rather than appropriations of a property right."  *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 159 (2021).  Moreover, it must be noted that Browning is aware of the fact that the complained of interferences were trespasses at best.  This is evidenced by the fact that in the previously filed Logan Circuit Court Action, Browning sued an individual for trespass and names "Does 1-29" for purposes of asserting a trespass action against them.  Browning attempts to morph these mere alleged trespasses into takings for purposes of attempting to confer subject matter jurisdiction on this Court, however these attempts are futile because Browning cannot state a claim upon which relief can be granted.

### j.  BROWNING FAILS TO STATE A VALID FIRST AMENDMENT CLAIM.

Browning's Complaint alleges that her First Amendment rights were violated by Sheriff Stratton when he "interfered with Ms. Browning's rights to freedom of association and freedom of speech, as well as her property rights, by implying she supported him." (Complaint, DN 1, Page ID #10, ¶ 21).  These allegations relate to Sheriff Stratton allegedly placing one of his campaign

signs on property owned by Browning without her consent. Even if these allegations were true, Browning fails to state a claim upon which relief can be granted pursuant to the First Amendment.

The First Amendment, by its very terms, applies only to laws enacted by Congress and not to the actions of private persons such as Sheriff Stratton. If the allegations contained in Browning's Complaint are true, Sheriff Stratton was not suppressing Browning's free speech, instead, he was simply exercising his own. The mere fact that Sheriff Stratton is a public official does not mean that his every act is a state act. "The distinction between private conduct and state action turns on substance, not labels: Private parties can act with the authority of the State, and state officials have private lives and their own constitutional rights." *Lindke v. Freed*, 601 U.S. 187, 197 (2024).

In order to state a viable claim, Browning must prove that Sheriff Stratton, when placing a campaign sign on her property, "possessed actual authority to speak on the State's behalf, and purported to exercise that authority when he spoke." *Id*., at 198. Browning has not, and cannot, allege any facts which establish either element. As to the first element, "[t]he first prong of this test is grounded in the bedrock requirement that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." *Id*., *citing Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982). "An act is not attributable to a State unless it is traceable to the State's power or authority. Private action – no matter how "official" it looks – lacks the necessary lineage." *Id.* "When the challenged conduct entails functions and obligations in no way dependent on state authority, state action does not exist." *Polk County v. Dodson*, 454 U.S. 312, 318-319 (1981). Here, the challenged action, posting a campaign sign, is not dependent on state authority, but instead is a private act. Sheriff Stratton was not "possessed of state authority" when he ran for re-election. Moreover, Browning's Complaint is devoid of any factual allegations that would support even an appearance of state authority.

17

To the extent that Browning's Complaint attempts to allege a First Amendment retaliation claim, this claim must also fail as a matter of law.  To make out a claim of official retaliation for the exercise of First Amendment rights, Browning must show that: (1) she was participating in a constitutionally protected activity; (2) the defendants' actions injured her in a way likely to chill a person of ordinary firmness from further participation in that activity; and (3) her constitutionally-protected activity was a motivating factor behind the defendants' actions. *See Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 371 (6th Cir. 2011).

According to Browning, the perceived wrongdoings perpetrated against her by the Law Enforcement Defendants "were politically motivated retaliation against her for the exercise of her constitutional rights of association and free speech." (Complaint, DN 1, Page ID# 16, ¶ 52).  This argument by Browning misses the mark to say the least.  As to the second element, Browning's Complaint disproves that Sheriff Stratton's actions had a chilling effect which dissuaded Browning from exercising her First Amendment rights.  Specifically, Paragraph 20 of Browning's Complaint states:

> In November of 2022, Sheriff Stratton placed a campaign sign on Ms. Browning's grass at The Haven.  Ms. Browning took down the campaign sign and carefully placed it exactly where it was put up. The next morning, a friend called her to say Sheriff Stratton was parked on her real property and was taking pictures of the sign she had taken down.  **Not wanting to get into trouble herself but wanting her friends and family to know that her family did not support Sheriff Stratton's re-election campaign, Ms. Browning made a public Facebook post about the situation.**

Complaint, DN 1, Page ID# 10, ¶ 20 (emphasis added).

The foregoing is a tacit admission by Browning that the alleged conduct of Sheriff Stratton did not dissuade her from exercising her First Amendment rights: **Browning's constitutionally protected**

activity (*i.e.* the Facebook Post) occurred <u>after the purported conduct of Sheriff Stratton</u>. As such, Browning, by her own admission, has not suffered a First Amendment retaliation claim.

### k.  BROWNING FAILS TO STATE A VALID CLAIM FOR NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Browning alleges that Defendants Brown and Brent have caused the "negligent infliction of severe emotional distress." (Complaint, DN 1, Page ID #20, ¶ 64). This claim is premised on Browning's belief that she should not have been criminally charged, while the trespassers on to her property should have been. "Pleading this claim requires that the plaintiff assert the recognized elements of a common law negligence cause of action: (1) the defendant owed a duty of care to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Warren v. Lexington-Fayette Urban County Gov't*, 2016 U.S. Dist. LEXIS 113598, at *14 (E.D. Ky. August 24, 2016) (*citing Osborne v. Keeney*, 399 S.W.3d 1, 17 (Ky. 2012). "Further, the plaintiff must demonstrate a severe or serious emotional injury which occurs where a reasonable person, normally constituted, would not be expected to endure the mental stress engendered by the circumstances of the case." *Id.*

Browning fails to allege any facts which make this claim plausible and merely reciting the elements of the cause of action is insufficient. *See Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555. First, Browning cannot establish that Law Enforcement Defendants breached a duty. As discussed in Section "e" hereinabove, Browning lacks a judicially cognizable interest in the prosecution of third parties. As to her own arrest and prosecution, as discussed in Section "h" hereinabove, probable cause existed, she was convicted by a jury of her peers and, therefore, no breach occurred. Even if Browning could articulate a breach of duty by Law Enforcement Defendants, the purported breach would have been within the scope of Law Enforcement Defendants' employment as law enforcement officers and, therefore, they are entitled to immunity

as further described in Sections "b" and "c" hereinabove.  Lastly, Browning's Complaint is devoid of any factual allegations suggesting a "severe or serious emotional injury," or that the conduct of Defendants Brown and Brent were "extreme or outrageous," or that the "unreasonable behavior caused her injury."  *Warren v. Lexington-Fayette Urban County Gov't*, 2016 U.S. Dist. LEXIS 113598, at *15 (E.D. Ky. August 24, 2016).

**l.  BROWNING FAILS TO STATE A CLAIM FOR DUE PROCESS VIOLATIONS.**

Browning alleges "violations of her rights to due process of law" in her prayer for relief. (Complaint, DN 1, Page ID #24).   However, Browning's Complaint fails to mention explicitly any violations of the Fourth or Fourteenth Amendments.  Moreover, Browning's Complaint fails to mention whether she is alleging a substantive or procedural due process violation.  Based on a generous reading of the totality of the Complaint, it appears that that the only conceivable "violations of her rights to due process of law" are premised on Browning's beliefs that: (1) her property rights were improperly interfered with and (2) she was wrongfully arrested.  "Under a substantive due process claim for wrongful arrest, the question whether an individual has been unlawfully detained and arrested centers on whether probable cause to arrest existed."  *La Bate v. Ceolices*, 1988 U.S. App. LEXIS 17017, at *8 (6th Cir. December 14, 1988) (*citing Floyd v. Farrell*, 765 F.2d 1 (1st Cir. 1985)).  Further, "Under 42 U.S.C. § 1983, liability should only result when there clearly was no probable cause."  *Id.*

In this action, Browning is precluded from relitigating the existence of probable cause because Browning was afforded the opportunity to contest probable cause at a preliminary hearing. The Supreme Court stated in *Beck v. Ohio,* 379 U.S. 89 (1964), that probable cause existed when the police have "reasonably trustworthy information [that is] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense" based on "the facts

20

and circumstances within [the police's] knowledge" at the moment of the challenged conduct. *Id.*, at 91. Browning cannot allege any facts that would support a position that a reasonably prudent officer, observing the same conduct as Brown and Brent observed, would not treat Browning in the exact same manner. Browning suggests throughout her Complaint that Law Enforcement Defendants failed to take into consideration the fact that trespass was occurring on Browning's property. However, "[a] policeman … is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation of the facts as initially discovered provide probable cause." *Criss v. City of Kent*, 867 F.2d 259, 263 (6th Cir. 1988). Thus, Law Enforcement Defendants had no obligation to suspend Browning's arrest while they investigated the merits of her trespassing claims.

### m. BROWNING FAILS TO STATE A CLAIM FOR FAILURE TO TRAIN/NEGLIGENT HIRING/RETENTION.

Browning's Complaint, in Paragraphs 71 and 72 allege, without any factual support for same, that "Sheriff Stratton failed to adequately and properly train and supervise SRO from [sic] and Sgt Brent," and "Sheriff Stratton negligently hired and/or retained SRO Brown and Sgt Brent." Browning's Complaint is devoid of any factual allegations which supports any of these claims. This deficiency alone is enough to warrant dismissal pursuant to *Ashcraft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). However, even if Browning's Complaint was sufficiently pleaded, these claims still fail as a matter of law.

First, in order to establish that the Logan County Sheriff's Department is liable for failure to train Defendants Brown and Brent, Browning must establish that: (1) the Department's training program was inadequate for the tasks that the officer must perform; (2) the inadequacy was the result of the Department's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006) (*citing Russo*

*v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992)). When determining whether a Department has adequately trained its employees, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. *See City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Browning's Complaint does not mention the training that she believes the Department should have provided to Defendants Brown and Brent, nor how the training was purportedly inadequate.

The second element, deliberate indifference, has been described as "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of this action." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). "In other words, the risk of a constitutional violation arising as a result of the inadequacies in the … policies must be plainly obvious." *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (*quoting Bd. of Cty. Comm'rs v. Brown*, 520 U.S. at 412). Proving deliberate indifference can be accomplished in two manners: (1) prior instances of unconstitutional conduct demonstrating that the Department had notice that the training was deficient and likely to cause injury but ignored it or (2) evidence of a single violation of federal rights, accompanied by a showing that the City had failed to train its employees to handle recurring situations presenting an obvious potential for such violation. *See Campbell v. City of Springboro*, 700 F.3d 779, 794 (6th Cir. 2012).

In the instant matter, Browning cannot prove a single violation of federal rights, much less a pattern of violations, nor is a pattern of violations alleged by Browning. Because Browning's cannot establish a *prima facie* case of a singular violation of a federal right, Browning cannot establish deliberate indifference. Finally, as to the third element, since there was no violation there can be no injury.

Regarding Browning's negligent hiring and retention claim, there is no federal basis for such a claim and, therefore, it must be analyzed under state law. Under Kentucky law, "the elements of negligent hiring and retention are: (1) the employer knew or reasonably should have known that an employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 733 (Ky. 2009). Browning fails to allege any facts which support that Defendant Logan County Sheriff's Department was aware, or should have been aware, that Defendants Brown and Brent posed a threat of injury to others. Moreover, as exhaustively discussed herein, the Law Enforcement Defendants acted as any reasonably prudent officer would have in the circumstances.

Based on the foregoing, Browning's claims for negligent supervision, negligent hiring, and negligent retention must be dismissed for failure to state a claim. Even if Browning did articulate facts supporting these claims, the Law Enforcement Defendants are entitled to immunity as described in Sections "b" and "c" hereinabove.

### n. BROWNING FAILS TO STATE A CLAIM FOR RELIEF PURSUANT TO 18 U.S.C.S § 241.

In the prayer for relief contained in Browning's Complaint, Browning references for the first time 18 U.S.C.S. § 241 as a statutory basis entitling her to relief. While Browning does not state any factual allegations supporting her position that she is entitled to relief pursuant to 18 U.S.C.S. § 241, presumably this federal statute is mentioned by Browning to confer jurisdiction on this Court. While merely mentioning a federal statute is never sufficient to confer jurisdiction, a reference to 18 U.S.C.S. § 241, even if sufficiently plead cannot serve as a basis for federal jurisdiction herein nor does it give Browning a private cause of action.

18 U.S.C.S. § 241 is a criminal statute, which does not confer jurisdiction in this civil lawsuit.  In *Booth v. Henson*, 290 Fed. Appx. 919, 920 (6th Cir. 2008), the Sixth Circuit held that a private citizen does not have standing pursuant 18 U.S.C.S. § 241 because a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.  Like the Plaintiff in *Booth*, Browning lacks standing to bring an action pursuant to 18 U.S.C.S. § 241 and it cannot serve as a basis for jurisdiction herein.

### o. 42 U.S.C. § 1983 DOES NOT CREATE ADDITIONAL CIVIL RIGHTS AND ANY ALLEGATION THAT HER RIGHTS WERE VIOLATED PURSUANT TO THIS STATUTE FAILS AS A MATTER OF LAW.

Browning's prayer for relief alleges "violations … of her rights … under 42 U.S.C. Section 1983."  (Complaint, DN 1, Page ID #24).  However, 42 U.S.C. § 1983 does not grant Browning with additional civil rights, but merely provides a legal avenue to enforce previously existing Constitutional rights.  *See Graham v. Connor*, 490 U.S. 386, 393-394 (1989).  To the extent that Browning's Complaint can be construed as alleging a violation of her rights pursuant to 42 U.S.C. § 1983, same must be dismissed as a matter of law.

### p. BROWNINGS ATTEMPT TO STATE A SEPARATE CLAIM FOR PUNITIVE DAMAGES FAILS AS A MATTER OF LAW.

Browning's prayer for relief requests "an award of punitive damages for Defendants' willful, malicious, and reckless actions."  (Complaint, DN 1, Page ID #24).  Punitive damages are not a separate cause of action, but are merely a potential remedy for another cause of action." Dalton v. Animas Corp., 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012).  To the extent Browning seeks punitive damages as a distinct cause of action, same must be dismissed for failure to state a claim upon which relief can be granted.

## V.    CONCLUSION

Browning's Complaint is nothing more than a generalized grievance that she was arrested, and others were not.  These arguments lack merit and are easily disposed of.  The existence of probable cause that Browning committed a criminal act operates to preclude relief on virtually all the legal theories Browning relies on herein.  The Law Enforcement Defendants acted reasonably in dealing with Browning and Browning has not been deprived of any rights under state or federal law because of her interactions with the Law Enforcement Defendants.  Even if Law Enforcement Defendants acted negligently (which they did not), Browning has failed to articulate any facts which would preclude Law Enforcement Defendant's entitlement to immunity herein.  As a result, Browning's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendants Sheriff Stephen Stratton, Vincent Lee Brown, and Joseph Brent, in their official and individual capacities, respectfully request that Browning's Complaint against them be dismissed.

This the 13th day of December, 2024.

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42104-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782


*/s/ Aaron D. Smith*_____
AARON D. SMITH
MICHAEL A. OWSLEY
KATE E. PAYTON
*Counsel for Defendants*

25