**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:24-CV-134-GNS**
***Filed Electronically***

**SUE CAROL BROWNING** **PLAINTIFF**

**v.**

**TIMOTHY RAINWATERS,**
***Individually and in his Official Capacity as***
***Logan County Property Valuation Administrator, et al.*** **DEFENDANTS**

---

**PLAINTIFF'S RESPONSE TO DEFENDANT, TIMOTHY RAINWATERS' MOTION TO DISMISS**

---

Plaintiff, Sue Carol Browning, by counsel, respectfully submits this response to Defendant Timothy Rainwaters' Motion to Dismiss. Defendant's motion argues for dismissal under Rule 12(b)(6) based on alleged insufficiencies in Plaintiff's claims, failure to exhaust administrative remedies, and principles of comity. However, Plaintiff has demonstrated sufficient factual and legal bases for her claims under 42 U.S.C. § 1983. These claims are rooted in the deprivation of her constitutional rights under the Fourteenth Amendment and go beyond mere tax disputes, addressing the intentional misuse of public authority. Additionally, Defendant's arguments for dismissal on the grounds of immunity and exhaustion are unsupported by the facts and applicable law.

This response will demonstrate that Plaintiff has stated claims upon which relief can be granted by detailing each element required for her claims and rebutting Defendant's arguments with well-settled legal precedents.

## STANDARD OF REVIEW

Under Rule 12(b)(6), dismissal is appropriate only if the complaint fails to state a claim upon which relief can be granted. The court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the non-movant (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard is not intended to impose a probability requirement but instead ensures that claims have "facial plausibility," meaning the facts alleged allow the court to infer that the defendant is liable for the alleged misconduct (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

At this stage, the complaint is viewed holistically, and dismissal is inappropriate unless no plausible set of facts exists under which the plaintiff could prevail (*Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 512 (6th Cir. 2001)). Plaintiff has met and exceeded this standard through detailed allegations showing specific misconduct by Defendant Rainwaters that caused a deprivation of her constitutional rights.

## ARGUMENT

### I. Plaintiff Has Sufficiently Pleaded a Claim Against Defendant Rainwaters

#### A. Equal Protection Violation

Plaintiff asserts that Defendant Rainwaters violated her rights under the Equal Protection Clause by selectively reclassifying her property from residential to commercial without a legitimate basis, only to reverse this decision after she objected. Such conduct constitutes a classic "class of one" claim under *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). In *Olech*, the Court recognized that the Equal Protection Clause protects individuals from being treated differently from others similarly situated without a rational basis. Plaintiff's allegations

align directly with this principle, as Defendant's actions were arbitrary and lacked any legitimate governmental purpose.

Defendant's conduct cannot be excused as mere negligence or error. The arbitrary classification of Plaintiff's property, followed by its subsequent reversal, demonstrates intentional disparate treatment. Courts have repeatedly found such targeted actions to violate Equal Protection. For example, in *Trihealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty.*, 430 F.3d 783, 790 (6th Cir. 2005), the Sixth Circuit held that selective enforcement of a zoning regulation against a single entity without justification violated the Equal Protection Clause. Plaintiff here is similarly situated, as her property was targeted without consistent application of governing standards.

Furthermore, Defendant's failure to articulate a rational basis for the reclassification strengthens Plaintiff's claim. Rational basis scrutiny requires that governmental actions bear a legitimate connection to a valid public purpose. In *Integrity Gymnastics & Pure Power Cheerleading, LLC v. State Univ. of N.Y.*, 708 F. App'x 21, 24 (2d Cir. 2017), the court emphasized that an irrational and arbitrary decision by a public official violates Equal Protection, even in the absence of animus. Defendant's inconsistent treatment of Plaintiff's property fits squarely within this framework.

**B. Improper Dismissal Under Monell**

Defendant argues that Plaintiff failed to allege an actionable policy or custom necessary for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). However, this misconstrues Plaintiff's allegations, which are based on the deliberate actions of Defendant Rainwaters, who possessed final policymaking authority as the Logan County Property Valuation Administrator. In *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986),

the Supreme Court held that a single decision by a municipal official with policymaking authority could give rise to liability under § 1983.

Here, Defendant Rainwaters acted with such authority when he arbitrarily reclassified Plaintiff's property, making his decision attributable to Logan County. This aligns with the Sixth Circuit's reasoning in *Ford v. Cty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008), where the court found that an official's misuse of authority in property decisions constituted municipal liability. Defendant's position as PVA granted him discretion over property classifications, and his misuse of this discretion caused Plaintiff's injuries.

## II.   Exhaustion of Administrative Remedies Is Inapplicable

### A.  Non-Tax Claims and Constitutional Rights

Defendant asserts that Plaintiff's failure to exhaust administrative remedies bars her claims. However, this argument fails because Plaintiff's claims are rooted in constitutional violations, not merely disputes over tax assessments. The Supreme Court in *Patsy v. Board of Regents*, 457 U.S. 496, 516 (1982), held that exhaustion of state administrative remedies is not a prerequisite for § 1983 actions. Similarly, in *McNeese v. Bd. of Ed.*, 373 U.S. 668, 674-76 (1963), the Court emphasized that federal courts retain jurisdiction over constitutional claims, even if administrative remedies exist.

Kentucky's tax appeals process under KRS § 133.120 is designed to address valuation disputes, not constitutional grievances. Administrative bodies lack the authority to adjudicate Equal Protection claims or to grant the relief sought under § 1983. This distinction is critical, as Plaintiff challenges the intentional misuse of authority by Defendant, not the assessment itself.

**B. Inadequacy of State Remedies**

Even if exhaustion were required, the remedies available under Kentucky law are inadequate. In *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981), the Court noted that federal courts may intervene where state remedies fail to address constitutional grievances adequately. Here, Plaintiff has shown that the administrative process does not provide a meaningful forum for resolving Equal Protection claims or addressing intentional discrimination by a public official.

**III. Immunity Does Not Shield Defendant Rainwaters**

**A. Qualified Immunity**

Defendant Rainwaters argues that qualified immunity shields him from liability. However, qualified immunity does not apply where a public official's actions violate clearly established constitutional rights of which a reasonable person would have known (*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The right to equal protection under the Fourteenth Amendment is well established, and Defendant's arbitrary reclassification of Plaintiff's property, devoid of rational basis, clearly violated this right.

**B. Official Capacity Claims**

Plaintiff seeks prospective injunctive relief, which is permissible under Ex parte Young, 209 U.S. 123, 159-60 (1908). Sovereign immunity does not bar suits against state officials for ongoing constitutional violations. Plaintiff's claims for injunctive relief are therefore valid and not subject to dismissal on immunity grounds.

**IV. Plaintiff Has Pleaded Sufficient Facts to State a Claim**

Plaintiff's complaint contains detailed factual allegations, including specific misconduct by Defendant Rainwaters, the arbitrary nature of his actions, and the harm caused to Plaintiff.

These allegations exceed the threshold established in Twombly and Iqbal. Courts routinely hold that claims under § 1983 survive dismissal where plaintiffs allege targeted and arbitrary actions by public officials (*Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007)).

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant Rainwaters' Motion to Dismiss. Plaintiff has adequately stated claims under § 1983, and her allegations warrant further adjudication on the merits.

This, the 24th day of December, 2024.

Respectfully Submitted,

Stella B. House, J.D.
Stella B. House, Attorney at Law, P.S.C.

By: /s/ Stella B. House, J.D.
Stella B. House, J.D.
Post Office Box 422
Manchester, Kentucky 40962-0422
(606) 598-1485
COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of December, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Aaron D. Smith, J.D.
Michael A. Owsley, J.D.
Kate E. Payton, J.D.
English, Lucas, Priest & Owsley, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42104-0770
Counsel for Defendants