UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-134-GNS
*Filed Electronically*

SUE CAROL BROWNING                                                    PLAINTIFF

v.

TIMOTHY RAINWATERS,
Individually and in his Official Capacity as
Logan County Property Valuation Administrator, et al.          DEFENDANTS

---

DEFENDANT RAINWATERS' REPLY TO
PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

---

The Defendant, Timothy Rainwaters, Individually and in his Official Capacity as Logan County Property Valuation Administrator, by and through counsel, and for his reply to Plaintiff's response to his motion to dismiss, respectfully submits as follows:

I.     **Plaintiff has failed to state a claim for an equal protection violation against Defendant Rainwaters.**

Plaintiff's response now clarifies that she is attempting to assert a "class of one" equal protection claim, alleging that Defendant Rainwaters arbitrarily treated her differently from others who were similarly situated, citing *Village of Willowbrook v. Olech* in support. A Plaintiff brings a successful "class of one" equal protection claim "where the plaintiff alleges that she had been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The basis for a "class of one" equal protection claim is that a person cannot be treated differently from "similarly situated individuals," absent a "rational basis for such difference in treatment." A plaintiff must show "that [he] and other individuals who were treated differently were similarly situated in all

1

material respects." Courts will not overturn government action unless the varying treatment of different groups or persons is "so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational." *Pung v. Cnty. of Isabella*, 2022 U.S. Dist. LEXIS 177507, *11-12 (internal citations omitted).

Here, Plaintiff has failed to identify or reference a single person who was similarly situated as her. Plaintiff's Complaint only states that "[t]he assessment of no other real property in Logan County has increased over 1000% in a single year when there has been no ownership change and no exterior modification whatsoever." (Plaintiff's Complaint, DN 1, Page ID# 23, ¶ 87). Plaintiff makes no mention of the treatment of those who have changed the primary use of their property from residential to commercial, nor does she even identify them. Plaintiff cannot successfully establish a "class of one" equal protection claim without first establishing others who are similarly situated.

Furthermore, Plaintiff mischaracterizes *Trihealth, Inc. v. Board of Commissioners*, by stating that the Court held that "selective enforcement of a zoning regulation against a single entity without justification violated the Equal Protection Clause." (Plaintiff's Complaint, DN 8, Page 3). In *Trihealth*, a hospital challenged the distribution of tax dollars—there is no mention of "zoning regulations" or "selective enforcement." *Trihealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783 (6th Cir. 2005). The Court did, however, hold that "disparate treatment of persons is reasonably justified if they are dissimilar in some material respect." *Id.* at 790.

Additionally, Plaintiff's statement that "Defendant's failure to articulate a rational basis for the reclassification strengthens Plaintiff's claim" is a gross misstatement of law. (Plaintiff's Complaint, DN 8, Page 3). The Sixth Circuit has repeatedly held that the government "has no obligation to produce evidence to sustain the rationality of its actions; its choice is presumptively

2

valid." *Trihealth, Inc.,* 430 F.3d at 790; *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006). The Plaintiff has the burden to "overcome the presumption of rationality by alleging that the defendant acted in a manner clearly contrary to law." *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006). The Plaintiff must "negate every conceivable basis which might support it." *FCC v. Beach Communications*, 508 U.S. 307, 315 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)).

**Finally, and most importantly, what is Plaintiff even complaining about?** According to her own Complaint, she got what she wanted: "[a]fter the meeting, PVA Rainwater lowered the assessment and changed the designation of the property back to residential."  (Plaintiff's Complaint, DN 8, ¶ 79). S

Plaintiff is unable to prove that she has been intentionally treated differently from others similarly situated, nor is she able to overcome the presumption that Defendant Rainwaters' actions were rational. Finally, there is no harm to complain of. Therefore, Plaintiff's equal protection claim fails as a matter of law and must be dismissed with prejudice.

**II.    Plaintiff has failed to state a claim under the *Monell* standard.**

As a matter of law, an official capacity claim of this nature is a claim against the Commonwealth of Kentucky and/or Logan County. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 68 (1989). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (2018).

3

While true that "municipal liability may be imposed for a single decision by municipal policymakers," this is only appropriate under certain circumstances. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). "[N]ot every decision by municipal officers automatically subjects the municipality to § 1983 liability. Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Id*. at 481. The fact that the official, even a policymaking official, has discretion when performing particular functions "does not, without more, give rise to municipal liability based on an exercise of that discretion." *Id*. at 482. The official must also "be responsible for establishing final governmental policy respecting such activity before the municipality can be held liable." *Id*. at 482-83. Authority to make municipal policy "may be granted directly by legislative enactment or may be delegated by an official who possess such authority, and of course, whether an official had final policymaking authority is a question of state law." *Id*. at 483.

Municipal liability does not attach to Defendant Rainwaters' actions at issue here. Defendant Rainwaters is a property valuation administrator ("PVA"). He is not a policymaker; he did not create any policy; he did his statutory duty in assessing Plaintiff's real property. The PVA is constitutionally and statutorily required to assess all property at its "fair cash value." Ky. Const. § 172; KRS § 132.450. To do so, the PVA must classify property to determine the taxable value and determine the proper valuation method. KRS § 132.191. In no way does Chapter 132 of the Kentucky Revised Statutes grant any policymaking authority to a PVA. Classifying property and determining valuation methods are discretionary functions of the PVA, which Plaintiff concedes in her response. However, the exercise of this discretion alone does not automatically give rise to municipal liability.

4

Yet again, Plaintiff has misconstrued (perhaps intentionally given the pattern) case law. Plaintiff states that in *Ford v. County of Grand Traverse*, the Court found that "an official's misuse of authority in property decisions constituted municipal liability." (Plaintiff's Complaint, DN 8, Page 4). *Ford* has absolutely nothing to do with "property decisions" and absolutely nothing to do with the case before the Court — *Ford* involves the provision of medical care on weekends in a county jail. *Ford v. County of Grand Traverse*, 535 F.3d 483 (6th Cir. 2008). Plaintiff either did not read *Ford* before citing it or intentionally misstates its holding. Either way, it is of no significance whatsoever to the question or whether Plaintiff has stated a viable claim under the *Monell* standard.

Plaintiff has failed to state a viable claim under *Monell* and her claims must be dismissed.

### III. The principles of comity prevent federal courts from intruding in the collection of state taxes.

Kentucky law provides an adequate remedy for alleged constitutional challenges to a property tax assessment, therefore the principles of comity prevent federal courts from interfering in this matter regarding a state tax assessment. Plaintiff contends that the administrative process does not provide a meaningful forum for resolving Equal Protection claims or intentional discrimination by a public official, however Plaintiff entirely ignores the existence of the Kentucky Court system, which does provide Plaintiff with an adequate remedy.

As stated in Defendant Rainwaters' original Memorandum, the United States Supreme Court has routinely held that federal courts may not hear actions against the validity of state tax systems, including § 1983 actions. *See Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981); *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293 (1943); *Matthews v. Rodgers*, 284 U.S. 521 (1932). If a state remedy is "plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may brought to this Court for review if any federal

question is involved." *Matthews*, 284 U.S. at 526. State remedies are plain, adequate, and complete if "they provide the taxpayer with a full hearing and judicial determination at which the taxpayer may raise any federal constitutional objections to tax." *In re Gillis*, 836 F.2d 1001, 1010 (6th Cir. 1988).

Kentucky has a plain, adequate, and complete remedy to challenge an alleged unconstitutional tax assessment. Plaintiff had the right to appeal her tax assessment through administrative review, which she chose not to do. Moreover, Plaintiff had full access to the Kentucky state court system that would have provided her with complete due process. The Sixth Circuit has specifically found that Kentucky courts have "shown no reluctance in remedying constitutional violations when found" in tax assessment cases. *In re Gillis*, 836 F.2d at 1012; *See also Russman v. Luckett*, 391 S.W.2d 694 (Ky. Ct. App. 1965). Plaintiff simply chose to bypass the state court system entirely and proceed directly in federal court, even though Kentucky law provides Plaintiff with a more than adequate remedy.

This Court should not take Plaintiff up on her invitation to entertain a challenge to Kentucky's tax assessment system. Upon the basis of comity, Plaintiff's Complaint against Defendant Rainwaters must be dismissed.

**IV.    Defendant Rainwaters is entitled to the protection of multiple immunities.**

**a.  Eleventh Amendment**

Plaintiff does not argue against application of the Eleventh Amendment and its bar on her claims and has therefore conceded same. A party's failure to address defenses and issues raised in a motion to dismiss constitutes a waiver of opposition to the Motion. *Wesley v. Rigney*, 913 F. Supp. 2d 313, 330 (E.D. Ky. 2012) (plaintiff waived opposition to defendant's motion to dismiss by failing to respond to arguments raised in the motion); *Rondigo, LLC v. Twp. of Richmond,*

6

*Mich.*, WL 1271668 (6th Cir. 2013) (plaintiffs waived claims by not addressing their merits and by failing to develop their argument against dismissal).

> **b. Defendant Rainwaters is entitled to qualified immunity for all federal law claims against him in his individual capacity.**

Plaintiff has the ultimate burden to prove that Defendants are not entitled to qualified immunity. *Rich v. City of Mayfield Hts*, 955 F.2d 1092, 1095 (6th Cir. 1992). Claims of qualified immunity are assessed on a fact-specific basis, to ascertain whether the particular conduct of the defendant officer infringed a clearly established federal right of the plaintiff, and whether an objectively reasonable officer would have believed that his conduct was lawful under federal law. *Anderson v. Creighton*, 483 U.S. 635 (1987). The Sixth Circuit has reemphasized the breadth and scope of the qualified immunity doctrine, by stating that it affords individuals "ample room for mistaken judgment" by protecting all but the plainly incompetent or those who knowingly violate the law. *Sova v. City of Mount Pleasant*, 142 F.3d 898, 902 (6th Cir. 1998).

Plaintiff has presented no evidence that Defendant Rainwaters acted in a "plainly incompetent" fashion, nor that he "knowingly violated the law." *Malley v. Briggs*, 475 U.S. 335, 349. Defendant Rainwaters performed his job in exactly the manner society and the judicial system expects of him given the circumstances and the information in his possession at the time. Plaintiff has failed to state a claim that Defendant Rainwaters violated any clearly established constitutional right belonging to her; according to her own Complaint she has suffered no harm at all. As a result, Defendant Rainwaters is entitled to qualified immunity as to all federal law claims against him in his individual capacity.

c. **Defendant Rainwaters is entitled to the protection of sovereign immunity for all state law claims against him in his official capacity.**

Plaintiff's Complaint does nothing to clarify whether she intends to assert any state law claims, therefore she has abandoned any such claims. However, Plaintiff does argue that because purportedly seeking injunctive relief, sovereign immunity does not act as a bar. There is a real problem with this position; namely, Plaintiff's Complaint does not actually make a claim for injunctive relief. In fact, the word "injunction" does not even make an appearance. Furthermore, while it may be true that sovereign immunity does not bar suits against state officials to stop ongoing constitutional violations, there is no ongoing constitutional violation here. Even assuming that Defendant Rainwaters' reassessment of Plaintiff's property was somehow unconstitutional, Plaintiff admits that Defendant Rainwaters changed the assessment back to residential. (Plaintiff's Complaint, DN 1, Page ID# 22, ¶ 79).

As a state official, sued in his official capacity, Defendant Rainwaters is entitled to sovereign immunity as to all state law claims brought against him.

## V.   Plaintiff has failed to plead sufficient facts to state a claim against Defendant Rainwaters.

Plaintiff's Complaint fails to state how Defendant Rainwaters' actions constituted misconduct, how his actions were arbitrary, and fails to state any harm suffered as a result of his actions.

Plaintiff cites to *Center for Bio-Ethical Reform, Inc v. City of Springboro*, attempting to establish that "Courts routinely hold that claims under § 1983 survive dismissal where plaintiffs allege targeted and arbitrary actions by public officials," (DN 8, Page 6). However, **again** that case simply has no relevance to this matter. In *Center for Bio-Ethical Reform, Inc*, the Plaintiffs appealed an order granting summary judgment against them on their claims of unreasonable search

8

and seizure, retaliation for previous public speeches, and conspiracy to violate their First, Fourth, and Fourteenth Amendment rights. *Center for Bio-Ethical Reform, Inc v. City of Springboro*, 477 F.3d 807 (6th Cir. 2007). In no way does the case discuss when and where claims under § 1983 survive dismissal. *Id*. The only relevant discussion to § 1983 is the Court's discussion of a *Monell* analysis, not to any sort of "targeted" or "arbitrary actions." *Id*. The page Plaintiff specifically references to support her claim contains a discussion of § 1985(3)—a cause of action for conspiracy to violate civil rights. *Id*. at 832. Plaintiff filed this claim solely under § 1983, alleging only a violation of constitutional rights, not any sort of conspiracy under § 1985(3).

Long story short, Plaintiff's Response adds nothing to dissuade from the plain fact that she has failed to meet the *Twombly* standard. A complaint must have enough factual allegations to "raise a right to relief above the speculative level" and must state a claim of relief "that is plausible on its face." *Bell Al. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcraft v. Iqbal*, 556 U.S. 662, 683 (2009) (citing *Twombly*, 550 U.S. at 556)). A complaint that consists only of "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555.

As previously discussed, Plaintiff has not provided sufficient factual evidence to establish that Defendant Rainwaters acted arbitrarily or irrationally. Plaintiff has also failed to state any harm that she has suffered as a result of Defendant Rainwaters' actions. Plaintiff was never deprived of the peaceful and quiet enjoyment of her property—at no time was her property taken or condemned. Plaintiff's bare factual assertions and legal conclusions do not meet the standard in *Twombly* and *Iqbal*, therefore Plaintiff's claims against Defendant Rainwaters must be dismissed.

WHEREFORE, the Defendant, Timothy Rainwaters, respectfully request that all claims against him be DISMISSED.

This the 3rd day of January 2025.

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42104-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782


*/s/ Aaron D. Smith*_____
AARON D. SMITH
KATE E. PAYTON
MICHAEL O. OWSLEY
*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2025, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record and that a copy was sent via electronic mail and/or U.S. Mail to the following:

Hon. Stella B. House
P.O. Box 422
Manchester, KY 40962
Counsel for Plaintiff


*/s/ Aaron D. Smith*_____
AARON D. SMITH

10