UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-134-GNS
*Filed Electronically*

**SUE CAROL BROWNING**                                                                                   **PLAINTIFF**

v.

**TIMOTHY RAINWATERS,**
*Individually and in his Official Capacity as*
*Logan County Property Valuation Administrator, et al.*                          **DEFENDANTS**

---

**PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY TO MOTION TO DISMISS**

---

Plaintiff Sue Carol Browning, by counsel, submits this Surreply to Defendant Timothy Rainwaters' Reply to Plaintiff's Response to Defendant's Motion to Dismiss. Plaintiff addresses the new arguments and clarifies misstatements of law and fact raised in Defendant's Reply to ensure the Court is fully informed.

**I.   Plaintiff Has Pleaded a Viable Class of One Equal Protection Claim**

Defendant argues that Plaintiff failed to identify similarly situated individuals, rendering her class of one Equal Protection claim deficient. This assertion misrepresents the standard established in *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), which requires that a plaintiff show intentional differential treatment from others similarly situated without a rational basis. Plaintiff's Complaint meets this standard, alleging that no other properties in Logan County experienced a 1000% valuation increase in a single year without a change in ownership or structural modifications. This factual allegation demonstrates a lack of rational basis, satisfying Olech.

Defendant's argument also contradicts *Trihealth, Inc. v. Board of Commissioners*, 430 F.3d 783, 790 (6th Cir. 2005), which states that disparate treatment is unjustified unless the entities compared are materially different. Plaintiff's property was similarly situated to other residential properties but was uniquely subjected to an extreme reclassification and valuation increase. Unlike *Pung v. County of Isabella*, 2022 U.S. Dist. LEXIS 177507, where the plaintiff failed to establish any comparators, Plaintiff in the instant action clearly alleges systemic arbitrariness in treatment. Defendant's claim that Plaintiff has not negated all conceivable bases for the differential treatment misinterprets her burden at this stage, as plausibility—not proof—is the standard under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.     Defendant's Discretionary Actions Constitute Policy Under Monell

Defendant contends that his actions do not satisfy the policy or custom requirement under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). However, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986), established that even a single act by an official with final policymaking authority can constitute a policy if it directly causes a constitutional violation. As the Property Valuation Administrator (PVA), Defendant has broad statutory discretion to classify and assess properties. His unilateral reclassification of Plaintiff's property, in violation of her constitutional rights, functions as a *de facto* policy attributable to the county.

Additionally, *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008), holds that liability attaches when discretionary actions by government officials result in constitutional harm. Defendant's reclassification and valuation decisions reflect deliberate conduct that materially impacted Plaintiff's constitutional rights. While Defendant argues that he is not a policymaker, his unreviewed discretion over property assessments and classifications meets the

criteria for *Monell* liability. These precedents firmly establish that Defendant's actions qualify as policy, rebutting his claim to immunity under Monell.

### III. Plaintiff Concedes That Injunctive Relief Is Not Warranted

Defendant argues that Plaintiff's claims for injunctive relief are moot because the conduct in question is no longer ongoing. Plaintiff acknowledges that Defendant reverted the property designation to residential and lowered the assessment after the initial reclassification. Consequently, there is no ongoing constitutional violation that would justify prospective injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908). Plaintiff respectfully concedes this point and limits her claims to redress for past harms caused by Defendant's actions.

### IV. Federal Jurisdiction Is Proper Despite Defendant's Comity Argument

Defendant argues that the comity doctrine bars Plaintiff's claims, asserting that Kentucky provides adequate remedies for tax disputes. However, *Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981), holds that federal jurisdiction is proper where state remedies are inadequate to address constitutional violations. Plaintiff alleges intentional discrimination and violations of the Equal Protection Clause, issues that state administrative remedies cannot adequately resolve. The Sixth Circuit in *In re Gillis*, 836 F.2d 1001, 1010 (6th Cir. 1988), emphasized that a state remedy is insufficient if it fails to provide a full hearing and judicial determination of constitutional claims.

Kentucky's administrative process addresses valuation disputes but does not provide an avenue to remedy intentional discrimination by public officials. Plaintiff's decision to seek relief in federal court is justified because her claims transcend mere valuation issues and implicate fundamental constitutional rights. Defendant's reliance on comity is misplaced, as the federal

judiciary has an obligation to adjudicate claims of constitutional violations, even when they intersect with state tax issues.

### V. Defendant Is Not Entitled to Immunity

Defendant asserts qualified and sovereign immunity to shield himself from liability. However, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), denies qualified immunity to officials whose actions violate clearly established rights. Plaintiff alleges that Defendant's arbitrary reclassification and valuation of her property violated her Equal Protection rights under *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). This conduct was neither reasonable nor consistent with his statutory duties, stripping Defendant of qualified immunity.

Sovereign immunity is similarly inapplicable under *Ex parte Young*, 209 U.S. 123 (1908), which permits suits against state officials for unconstitutional actions. While Plaintiff concedes that injunctive relief is unwarranted, her claims for damages remain valid and fall outside the scope of sovereign immunity. Defendant's conduct, as alleged, constitutes a clear violation of constitutional rights, negating both qualified and sovereign immunity defenses.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

This, the ____ day of January, 2025.

                                                Respectfully Submitted,

                                                Stella B. House, J.D.
                                                Stella B. House, Attorney at Law, P.S.C.

                              By:    <u>/s/ Stella B. House, J.D.</u>
                                                Stella B. House, J.D.
                                                Post Office Box 422
                                                Manchester, Kentucky 40962-0422
                                                (606) 598-1485
                                                COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Aaron D. Smith, J.D.
Michael A. Owsley, J.D.
Kate E. Payton, J.D.
English, Lucas, Priest & Owsley, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42104-0770
Counsel for Defendants