UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-134-GNS
*Filed Electronically*

**SUE CAROL BROWNING**                                                                                          **PLAINTIFF**

v.

**DAN COSTELLOW, Individually and in
His Official Capacity as Superintendent of the
Logan County Board of Education, et al.**                                                           **DEFENDANTS**

---

**DEFENDANT COSTELLOW'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

---

Defendant, Dan Costellow, Individually and In His Official Capacity as Superintendent of the Logan County Board of Education, by and through Counsel, pursuant to Fed. R. of Civ. Pro. 56, states as follows in support of his Motion for Summary Judgment:

**FACTUAL BACKGROUND**

In November of 2019, Plaintiff purchased the old Auburn Presbyterian USA Church building, located at 141 Lincoln Street, Auburn, Kentucky 42206, and renamed it "The Haven." (Plaintiff's Complaint, DN 1, Page ID# 3-4, ¶ 9-10). This property is located on the opposite side of the street and about one-half of a block away from the Auburn School (the "School").

Plaintiff alleges that she called or messaged employees of the School multiple times from 2020 to 2023 about illegal and unauthorized parking on her private property. (Plaintiff's Complaint, DN 1, Page ID# 10, ¶ 22). She also alleges that, "at times," buses were parked in her driveway and yard, yet she fails to identify what specific times these buses parked on her property and whether the buses belonged to the Logan County Board of Education ("LCBOE")

1

or another school district. *Id*. Again, Ms. Browning states that she repeatedly asked LCBOE personnel to tell their employes, students, and guests to not park on her property. *Id*.

Plaintiff alleges that a Thanksgiving luncheon at the School occurred on November 16, 2023. (Plaintiff's Complaint, DN 1, Page ID# 12, ¶ 32). She states that at least thirty vehicles parked on her property to attend the School lunch without her permission, and that she called the School and requested that the personnel advise those parked there to move their vehicles. *Id*. Plaintiff also alleges an event where a student walked through her yard to get to the School when the bus dropped him off over one block away. (Plaintiff's Complaint, DN 1, Page ID# 12, ¶ 33). But again, Plaintiff does not identify the specific date that this event occurred. *Id*.

Plaintiff then filed this suit, naming numerous parties, but only one party relative to the Logan County Board of Education and the Auburn School – Defendant Dan Costellow, Individually and In His Official Capacity as Superintendent of the Logan County Board of Education ("Costellow"). Costellow was not the Superintendent at any time relevant to this Complaint, nor was he employed by the Logan County Board of Education. Costellow was not hired as Superintendent of the LCBOE until January 1, 2024, long after any of these events occurred. See Exhibit 1 – Declaration of Dan Costellow. While Plaintiff attempts to assert claims against the LCBOE in the body of her Complaint, she failed to name it as a party.

Plaintiff brings this Complaint under 42 U.S.C. § 1983 and alleges that Costellow and/or the LCBOE violated the city parking ordinance and her civil rights in violation of "local ordinances and state law." As a basis for these claims, Plaintiff alleges that Costellow and/or the LCBOE encouraged "illegal" behavior by employees, students, and families of the school by failing to discourage trespass, that Costellow and/or the LCBOE has a duty to educate students about basic respect for property rights of others, and has acted in accordance with an official

policy, custom, and/or practice that violates her civil and/or property rights. (Plaintiff's Complaint, DN 1, Page ID# 10, 13, ¶ 22, 35-36).

Plaintiff's Complaint mischaracterizes the facts and the events that transpired in this case. Prior to Plaintiff purchasing "The Haven," buses frequently parked in the church parking lot as needed. Exhibit 2 – Declaration of April Engler. On March 22, 2021, Julie Belcher, the Logan County School District Transportation and Maintenance Secretary contacted the Plaintiff to ask for permission to park buses on her property, as needed. Exhibit 3 – Facebook Messages Between Belcher and Plaintiff. Plaintiff responded that it would be fine for buses to park there. *Id.* Less than two months later, on May 2, 2021, Plaintiff messaged Ms. Belcher to notify her that the LCBOE/the School no longer had permission to park buses on her property. *Id.* April Engler immediately told the other bus drivers to not park on Plaintiff's property anymore. Exhibit 2 – Declaration of April Engler. From that time forward, no LCBOE bus has parked on Plaintiff's property. *Id.*; *see also* Exhibit 4 – Declaration of Julie Belcher.

There was an occasion, in January 2022, where a bus from another district parked on Plaintiff's property during an archery tournament. Exhibit 5 – Declaration of Teresa Thompson. Rather than contacting any school personnel or a representative of Auburn Archery, Plaintiff posted her concerns on Facebook. *Id.* Julie Belcher, not the Plaintiff, contacted Teresa Thompson, the Auburn Archery coach, about Plaintiff's complaints. *Id.* But again, no LCBOE bus has parked on Plaintiff's property following the May 2021 conversation with Ms. Belcher.

Plaintiff was, however, contacted regarding other events at the School, including a family Christmas night on December 1, 2022 and a Dads and Kids Pizza Night on August 23, 2023. Plaintiff was extremely appreciative of the notice, and on both instances let the School know that the events would be fine. Exhibit 6 – Declaration of Hope Strode. But then Plaintiff was

apparently outraged that parents and family members parked on her property on November 16, 2023 for the Thanksgiving luncheon. The School only received one call from the Plaintiff concerning the vehicles parked on her property. <u>Exhibit 5 – Declaration of Teresa Thompson</u>. In this call, the Plaintiff said that she had never been so upset in her life and immediately threatened to slash tires, without giving the School an opportunity to remove any vehicles from her property and rectify the situation. *Id*.

Plaintiff's Complaint suggests a long history of the school parking on her property, directly against Plaintiff's wishes, but this simply is not the case. In fact, two years ago, Plaintiff even made Facebook comments stating that "the school is a wonderful neighbor and I have had zero unresolved issues." <u>Exhibit 7 – Plaintiff's Facebook Comment</u>. Plaintiff has taken to Facebook to air her concerns and complaints with buses and others parking on her property, but outside of a brief call threatening to slash tires in November 2023, Plaintiff has failed to communicate directly with the LCBOE, or any representative of the School, since May 2, 2021. Yet Plaintiff now attempts to claim that Costellow and/or the LCBOE violated city ordinances and her civil rights because people that the School has no control over park on her property.

## **SUMMARY JUDGMENT STANDARD**

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, then the non-moving party must produce specific evidence

demonstrating the existence of a genuine dispute of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-moving party must present specific facts proving that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence … of a genuine dispute…." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252.

## ARGUMENT

### I.    Costellow is not a proper party named in this action.

First and most importantly, Costellow was not the Superintendent or an employee of the LCBOE on November 16, 2023, nor was he the Superintendent at any other time relevant to this action, as he did not begin serving as Superintendent until January 1, 2024, long after any of these alleged events occurred. Given that Costellow had not assumed the role of Superintendent at the time of these alleged events, he is not a proper party. Therefore, all claims against Costellow, both individually and in his official capacity as Superintendent of the Logan County Board of Education, must be dismissed.

Moreover, in her Complaint, Plaintiff alleges actions by and makes claims against the LCBOE but failed to name it as a party in her Complaint. Any claims asserted against a party not named in a matter are improper and must be dismissed. *See Burke v. St. Elizabeth Hosp.*, No. 2:21-113-JMH, 2021 U.S. Dist. LEXIS 208313, at *5 (E. D. Ky. Oct. 28, 2021). The only named

defendant relevant to the Logan County Board of Education's alleged involvement in this matter is Defendant Costellow, who, as previously discussed, is not a proper party. Plaintiff does not name the LCBOE. Given that the LCBOE is not a named party to this matter, any claims made against it must be dismissed.

    **II.**    **<u>A third-party has no private cause of action for an ordinance violation.</u>**

With regard to Costellow and/or the LCBOE, Plaintiff largely focuses on Auburn City Ordinances that require a specific number of off-street parking spaces for dwellings and other properties, specifically ordinance 3.017. Plaintiff alleges that the school does not have ample parking spaces for employees and guests and criticizes the mayor for failing to enforce the ordinances. (See Plaintiff's Complaint, DN 1, Page ID# 10-11, ¶ 23, 30(a)). Kentucky courts have held that a property owner does not have a cause of action against another for a violation of an ordinance. *Merrick v. Diageo Americas Supply, Inc.*, 5 F. Supp. 865, 877 (W. D. Ky. 2014) (citing *Schilling v. Schoenle*, 782 S.W.2d 630, 632-33 (Ky. 1990)). In *Merrick*, the Court specifically states that a "property owner owes a duty to follow the ordinance to the municipality, not to another party." *Merrick*, 5 F. Supp. at 877.

Despite Plaintiff's effort to assert a claim against Costellow and/or the LCBOE for allegedly violating a city ordinance, this claim must fail. Costellow and/or the LCBOE does not owe the Plaintiff, or any other neighboring property owner, a duty to comply with city ordinances nor are Costellow and/or the LCBOE liable to the Plaintiff for any alleged failure to comply with the ordinance. Therefore, claims against Costellow for violating a city ordinance must be dismissed.

**III.  Plaintiff's federal claims regarding parking of buses on her property are untimely and are precluded by the applicable statute of limitations.**

Browning relies upon 42 U.S.C. § 1983 as a method for attempting to vindicate the federal rights she perceives were violated, including but not limited to Browning's perceived violations for condoning trespassing upon her private property. When analyzing claims brought pursuant to § 1983, federal courts must borrow state statutes of limitations for personal injury actions. The Sixth Circuit held, in *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) that "section 1983 actions in Kentucky are limited by the one-year statute of limitations found in [KRS] 413.140(1)(a)." Plaintiff's Complaint alleges only humiliation and defamation as an injury with regard to Costellow and/or the LCBOE. Plaintiff does not allege property damage in her Complaint.

Browning's Complaint was filed on November 15, 2024 and, therefore, to the extent that the Complaint references causes of action which accrued prior to November 15, 2023 and are brought pursuant to § 1983, these claims are precluded by the applicable statute of limitations. These claims include buses parking on her property. (See Plaintiff's Complaint, DN 1, Page ID# 10, ¶ 22). Although Plaintiff does not state a specific time that buses allegedly parked in her driveway and yard, no LCBOE bus has parked in her driveway or yard since May 2, 2021. See Exhibit 4 -- Declaration of Julie Belcher; See also Exhibit 2 -- Declaration of April Engler. Considering that the last time a LCBOE bus parked on her property was prior to November 15, 2023, Plaintiff's civil rights claims involving buses on her property are untimely brought and must be dismissed. Furthermore, in the event that other school districts have parked buses on her priority since November 15, 2023, Costellow and/or the LCBOE cannot control the actions of bus drivers from other school districts, nor is Costellow and/or the LCBOE liable for the actions of others.

**IV.     Costellow and/or the LCBOE did not trespass on Plaintiff's property.**

**A. LCBOE buses did not trespass on Plaintiff's property.**

Plaintiff's Complaint alleges that Costellow and/or the LCBOE violated her civil rights by condoning others to trespass on her private property. However, at all times, Costellow and/or the LCBOE complied with Plaintiff's direction as to when the Logan County School District may park their buses on her property. At no time did a LCBOE bus trespass on Plaintiff's property.

"Kentucky law allows recovery under trespass in either of three instances: (1) the defendant was engaged in an extra-hazardous activity, (2) the defendant committed an intentional trespass or (3) the defendant committed a negligent trespass." *Rockwell Int'l Corp. v. Wilhite*, 143 S.W.3d 604, 619 (Ky. Ct. App. 2003). A claim for trespass exists where a person "enters or remains upon land in the possession of another without the possessor's consent." *Bradford v. Clifton*, 379 S.W.2d 249, 250 (Ky. 1964). Negligent trespass "requires proof of three basic elements: '(1) the defendant must have breached its duty of due care (negligence); (2) the defendant caused a thing to enter the land of the plaintiff; and (3) the thing's presence causes harm to the land.'" *Merrick v. Diageo Ams. Supply, Inc.*, 5 F. Supp. 3d 865, 880 (W.D. Ky. 2014) (citing *Rockwell*, 143 S.W.3d at 620).

Kentucky Courts have held that "a person who enters the property of another 'by express invitation or implied acquiescence of the owner or occupant solely on [his] own business, pleasure or convenience' is not a trespasser." *Howard v. Spradlin*, 562 S.W.3d 281, 285 (Ky. Ct. App. 2018) (quoting *Scuddy Coal Co. v. Couch*, 274 S.W.2d 388, 390 (Ky. 1954)).

First, the LCBOE bus drivers had explicit permission from the Plaintiff to park buses on her lot as needed. Exhibit 3 – Facebook Messages Between Belcher and Plaintiff. Once LCBOE

knew that the Plaintiff had acquired The Haven, Julie Belcher specifically reached out to Plaintiff to ask for special permission to park buses on her property should a need ever arise. *Id*. Plaintiff acquiesced. *Id*. From that time, LCBOE bus drivers began parking on Plaintiff's property, as needed. The bus drivers had explicit permission from Plaintiff to park buses on her property from that moment on, therefore they did not trespass on her property. Once Plaintiff rescinded that invitation on May 2, 2021, no LCBOE bus driver parked on her property again. Therefore, Costellow and/or the LCBOE did not trespass on Plaintiff's property at any time, either intentionally or negligently.

Furthermore, Plaintiff's Complaint makes no allegation whatsoever of any harm to her land as a result of the alleged trespass. The only damages Plaintiff asserts against Costellow and/or the LCBOE is humiliation and defamation. (See Plaintiff's Complaint, DN 1, Page ID# 13, ¶ 38). There is no allegation of any property damage, either by LCBOE buses or any other Defendant, in Plaintiff's Complaint.

Given that LCBOE buses only parked on Plaintiff's property with permission and that Plaintiff has failed to plead any damage caused to her land as a result of the presence of the buses, Plaintiff fails to state a claim that Costellow and/or the LCBOE trespassed on her property.

**B. Costellow and/or the LCBOE is not liable for the trespass of others.**

Costellow and/or the LCBOE are not liable for the trespass of others. First, the Costellow and/or the LCBOE do not owe Plaintiff any duty to comply with local ordinances, nor does Costellow and/or the LCBOE owe Plaintiff any duty to prevent others from parking on or walking through her property. As previously discussed, Costellow and/or the LCBOE's duty to comply with ordinances is owed solely to the municipality, not any third party. *See Merrick*, 5 F.

Supp. at 877. Furthermore, Costellow and/or the LCBOE had no duty to "discourage" others from not parking on the Plaintiff's property, as Plaintiff alleges in her Complaint.

Additionally, Costellow and/or the LCBOE did not cause any other person to park on Plaintiff's property. Plaintiff's property is located one-half block away from the School and is on the other side of the street. Costellow and/or the LCBOE had absolutely no control over where community members or others choose to park, nor can Costellow and/or the LCBOE be held liable for others' choice to park on Plaintiff's property. Neither Costellow, nor the LCBOE did anything to "condone" or "encourage" others to trespass on Plaintiff's property.

LCBOE buses parked on Plaintiff's only with her explicit permission and Plaintiff has alleged no property damage as a result, therefore Costellow and/or the LCBOE did not trespass on Plaintiff's property. Furthermore, Costellow and/or the LCBOE does not owe Plaintiff a duty to comply with local ordinances, nor did they owe Plaintiff a duty to prevent others from trespassing on her property.

### V. **Plaintiff has failed to state a claim under 42 U.S.C.S. § 1983 against Costellow.**

Plaintiff's Complaint is entirely devoid of any factual allegation that would give rise to a civil rights claim. Plaintiff presents no allegation whatsoever that would suggest that Costellow and/or the LCBOE acted under the color of state law.

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim of relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The United States Supreme Court has held that a complaint must have enough factual allegations to "raise a right to relief above the speculative level" and must state a claim of relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570. A claim is plausible on its face when "the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 683. (citing *Twombly*, 550 U.S. at 556).

Furthermore, in *Twombly*, the United States Supreme Court noted that a complaint that provides only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is not sufficient and that legal conclusions are not entitled to an assumption of truth. *Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court clarified that while legal conclusions may provide a framework of a complaint, they must be supported by "factual allegations." *Iqbal*, 556 U.S. at 679.

To successfully plead a claim under 42 U.S.C.S. § 1983, "a plaintiff must first identify a constitutional right, then show that a person acting under the color of state law deprived him of that right." *Susselman v. Washtenaw Cnty. Sheriff's Off.*, 109 F.4th 864, 870 (6th Cir. 2024). A defendant acts under color of law when "he abuses the position given to him by the state." *West v. Atkins*, 487 U.S. 42, 50 (1988).

Here, Plaintiff has failed to plead sufficient facts as required by the Federal Rules of Civil Procedure and United States Supreme Court precedent. Plaintiff's Complaint is simply speculative and does not provide enough factual allegations to be plausible on its face. Plaintiff alleges that Costellow and/or the LCBOE has failed to "support and uphold the Constitutional property rights of its neighbors by allowing their guests and employees to park on private property. (See Plaintiff's Complaint, DN 1, Page ID# 11, ¶ 22). However, Plaintiff has offered no factual allegation to suggest that the Costellow and/or the LCBOE abused any power granted to them by the Commonwealth of Kentucky. Plaintiff's Complaint alleges instances of buses, employees, and family members parking on her property, but she does not provide any factual allegation to assert that Costellow and/or the LCBOE abused their power in any way.

11

The only semblance of an argument Plaintiff makes is that Costellow and LCBOE's failure to provide ample parking violated local ordinances, therefore constituting an abuse of power. Not only has Plaintiff made not any factual allegation whatsoever to suggest that this would be considered an abuse of power, but as previously discussed in detail, a property owner is not liable to a third party for an ordinance violation.

Plaintiff presents nothing but bare factual allegations and a legal conclusion that Costellow and/or the LCBOE violated her constitutional rights. Because these conclusions are not entitled to an assumption of truth, her Complaint is insufficient and entirely fails to state a claim upon which relief can be granted. Thus, this Court must dismiss Plaintiff's claims against Costellow.

### VI. Plaintiff has failed to state a state law civil rights claim.

While it is unclear what Plaintiff is attempting to plead when she alleges that Costellow and/or the LCBOE violated her civil rights in violation of "state law," Plaintiff does not provide sufficient factual allegations to state a claim for a state law civil rights violation. Tellingly, Plaintiff does not cite any specific state civil rights law Costellow and/or the LCBOE are alleged to have violated. This is simply because Costellow and/or the LCBOE have not violated her civil rights in any way.

The purpose of the Kentucky Civil Rights Act, KRS Chapter 344, is to "safeguard all individuals within the state from discrimination because of familial status, race, color, religion, national origin, sex, age forty (40) and over, or because of the person's status as a qualified individual with a disability." KRS § 344.020(1)(b). Plaintiff has not alleged discrimination on behalf of Costellow and/or the LCBOE in any way, nor has she alleged that she is a part of any protected class.

Not only has Plaintiff failed to plead enough factual allegations to "raise a right to relief above the speculative level" and state a claim of relief "that is plausible on its face" as required in *Twombly*, 550 U.S. at 556, 570, but she has not pleaded any factual allegations whatsoever that would give rise to a Kentucky state law civil rights violation. Plaintiff's Complaint is insufficient and entirely fails to state a claim upon which relief can be granted. Therefore, this Court must dismiss Plaintiff's claims against Costellow.

## CONCLUSION

For the foregoing reasons, Defendant Dan Costellow, Individually and in His Official Capacity as Superintendent of the Logan County Board of Education, respectfully requests that the Court grant his Motion for Summary Judgment and dismiss Plaintiff's Complaint with prejudice at the cost of the Plaintiff.

>ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
>1101 College Street; P.O. Box 770
>Bowling Green, KY 42104-0770
>Telephone: (270) 781-6500
>Facsimile: (270) 782-7782
>
>
>BY: */s/ Michael A. Owsley*
>      MICHAEL A. OWSLEY
>      AARON D. SMITH
>      KATE E. PAYTON
>      *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 31, 2025 I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record as follows:

Hon. Stella B. House
P.O. Box 422
Manchester, KY 40962
*Counsel for Plaintiff*

                */s/ Michael A. Owsley*
                MICHAEL A. OWSLEY