**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:24-CV-134-GNS**
*Filed Electronically*

**SUE CAROL BROWNING**                                                                                          **PLAINTIFF**

**v.**

**TIMOTHY RAINWATERS, Individually and in**
**His Official Capacity as Logan County Property**
**Valuation Administrator, et al.**                                                                      **DEFENDANTS**

---

**DEFENDANT RAINWATERS' RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

---

Comes the Defendant, Timothy Rainwaters, Individually and in His Official Capacity as Logan County Property Valuation Administrator, by and through Counsel, and for his Response and Objection to Plaintiff's Motion for Leave to File Sur-Reply, respectfully submits as follows:

Plaintiff asserts four (4) justifications supporting her request for leave to file a sur-reply: (1) Defendant raised new arguments in his Reply Brief; (2) Defendant made mischaracterizations about Plaintiff's reliance on certain legal authority; (3) procedural fairness; and (4) assistance to the Court. Each of these justifications misses the mark.

First, regarding the first two justifications, Plaintiff appears to have overlooked the purpose of a Reply Brief. "The purpose of a reply is to address arguments the opposing party makes in response." *Back v. Ray Jones Trucking, Inc.,* No. 4:22-CV-00005-GNS-HBB, 2024 U.S. Dist. LEXIS 195320, at *5 (W.D. Ky. Oct. 28, 2024). "The Sixth Circuit has held that a district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's reply did not raise any new legal arguments or introduce new evidence." *Liberty Legal Found. V. Nat'l Democratic Party of the USA, Inc.,* 875 F.Supp.2d 791, 797 (W.D. Tenn. 2012) (citing *Modesty v.*

1

*Shockley,* 434 F. App'x 469, 472 (6th Cir. 2011).  Here, Defendant Rainwaters' Reply does not raise new legal arguments justifying dismissal but instead addresses arguments made by Plaintiff in her Response.  There is a difference between a new argument and a counterpoint, counterpoints being "entirely consistent with the proper purpose of a reply brief, to address the opposing party's arguments raised in a response brief."  *Liberty Legal Found. V. Nat'l Democratic Party of the USA, Inc.,* 875 F.Supp.2d 791, 797-798 (W.D. Tenn. 2012).

Defendant Rainwaters' Memorandum of Law in Support of His Motion to Dismiss [D.N. 5-1] articulates the legal basis for why Plaintiff's Equal Protection claim fails.  Specifically, Defendant Rainwaters argued that Plaintiff offered no factual allegations sufficient to demonstrate a systemic pattern of discrimination or that the tax was discriminately aimed at her, that Plaintiff's Complaint is devoid of any factual allegations demonstrating a discriminatory intent or motive by Defendant Rainwaters, and that Plaintiff failed to provide any evidence of disparate treatment.  *Id*., at Page ID# 85-87.

Despite Plaintiff's articulation that she is operating pursuant to a "Class of One" Equal Protection claim in her Response, this assertion does not fundamentally change the Equal Protection analysis fully outlined by Defendant Rainwaters in his Memorandum of Law in Support of His Motion to Dismiss.  Defendant Rainwaters' Reply does not raise new arguments.  Rather, it clarifies that even under a "Class of One" theory, Plaintiff must still prove that she was treated disparately from others.  The requirement for disparate treatment, and Plaintiffs failure to demonstrate same, is evident both in Defendant Rainwaters' Memorandum of Law in Support of His Motion to Dismiss and his Reply to Plaintiff's Response to Motion to Dismiss [D.N. 9].

As it relates to the alleged mischaracterization of Plaintiff's reliance on certain legal authority, Defendant Rainwaters distinguished the instant matter from the application of two legal

authorities relied upon by Plaintiff in her Response to Motion to Dismiss[1]. Defendant Rainwaters' efforts in distinguishing legal authority is precisely what Reply Briefs are intended to do: address arguments the opposing party makes in response. Plaintiff simply wants the last word on what she interprets these legal authorities to mean – which is expressly one of the reasons why sur-replies are disfavored.

Regarding Plaintiff's last two justifications: procedural fairness and assistance to the Court, these arguments amount to nothing more than Plaintiff attempting to have the last word on the issue, which is "precisely the reason that sur-replies are so thoroughly disfavored." *Liberty Legal Found. V. Nat'l Democratic Party of the USA, Inc.,* 875 F.Supp.2d 791, 798 (W.D. Tenn. 2012).

In conclusion, Defendant Rainwaters' Reply to Plaintiff's Response to Motion to Dismiss is in conformity with what reply briefs are intended to do: address arguments the opposing party makes in response. Defendant Rainwaters' Reply to Plaintiff's Response to Motion to Dismiss does not raise any new legal theories. There is simply no reason to depart from the longstanding disfavor of sur-replies in this matter and, therefore, Plaintiff's Motion for Leave to File Surreply [D.N. 12] should be denied.

WHEREFORE, the Defendant, Timothy Rainwaters, Individually and in His Official Capacity as Logan County Property Valuation Administrator, respectfully requests that Plaintiff's Motion for Leave to File Surreply be DENIED.

---

[1] The specific cases at issue are Trihealth, Inc. v. Bd. of Comm'rs, 430 F.3d 783 (6th Cir. 2005) and Ford v. County of Grand Traverse, 535 F.3d 483 (6th Cir. 2008).

This the 6th day of February, 2025.

        ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
        1101 College Street; P.O. Box 770
        Bowling Green, KY 42104-0770
        Telephone: (270) 781-6500
        Facsimile: (270) 782-7782

*/s/ Aaron D. Smith*_____
AARON D. SMITH
MICHAEL A. OWSLEY
KATE E. PAYTON
*Counsel for Defendants Stratton, Brown, Brent, and Rainwaters*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 6th day of February, 2025, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record and that a copy was sent via electronic mail and/or U.S. Mail to the following:

Hon. Stella B. House
P.O. Box 422
Manchester, KY 40962
Counsel for Plaintiff

        */s/ Aaron D. Smith*_____
        AARON D. SMITH